

FILED

2023 MAY -5 PM 4: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

**FEE PAID**

1 Brian Martins
2 2710 Alpine Blvd. #125
Alpine, California 91901
3 (619) 769-2651
E-mail: brianmart68@yahoo.com
4
In Pro Per
5
6
7
8       IN THE UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
                              EDCV23-00805-SSS(KKx)
   BRIAN MARTINS,            Case No.: _____
11
              Petitioner,
12
                             **INDEPENDENT ACTION FOR**
   v.                        **RELIEF FROM ORDER AND**
13                           **JUDGMENT TO REMEDY**
   NORTHWEST DEVELOPMENT     **FRAUD ON THE COURT**
14 COMPANY, California corporation also
   doing business as NEW WEST
15 INVESTMENT GROUP, Inc., California
   corporation; GREGORY M. BROWN,
16 SR., individual; GREGORY BROWN,
   JR., individual; ROBERT J. HOLLAND,
17 individual; NEW WEST FINANCIAL
   CO., California corporation Inc.;
18 JACKIE JOSEPHSON, individual; JAY
   KNOHL, individual; CAL-WESTERN
19 RECONVEYANCE CORP., California
   corporation; CHICAGO TITLE CO.,
20 California corporation; OAK TREE
   ESCROW, California corporation;
21 BOBBI PEARSON, individual;
   KOERNER-MAGEE CONSULTING
22 ENGINEERS, California corporation;
   ANTHONY CARNEVALE, individual;
23 MELANIE KUSH, individual; SCOTT
   JOHNSON, individual; KEITH TILL,
24 individual; GARY HALBERT,
   individual; PEDRO ORSO-DELGADO,
25 individual; STEVEN CRESSWELL,
   individual; JEFF TAMARES, individual;
26 and DOES 1 through 10, inclusive,
27             Defendants.
28

                              1

# TABLE OF CONTENTS

NATURE OF ACTION ........................................................................... 4

PARTIES ............................................................................................... 4

JURISDICTION AND VENUE ............................................................. 6

BACKGROUND FACTS ...................................................................... 6

    A.  The *Martins v. NWIG* Pleadings ............................................ 6

    B.  The *Martins v. NWIG* Related Court Orders ........................... 7

        1.  Order Denying Petitioner's Unopposed Motions to Quash False
            and Misleading POS by Defendants ........................................ 7

        2.  Order Granting Defendants' Inappropriate Motions To Dismiss,
            And Denying Petitioner's Right To Amend Under Rule 15(A)(1) ...... 8

        3.  Order Striking Petitioner's Motion to Vacate Judgement, Based
            on a Chamber Procedure ......................................................... 10

        4.  Order Denying Petitioner's Motion for Reconsideration of
            Stricken Motion to Vacate ...................................................... 12

NEWLY DISCOVERED EVIDENCE ................................................... 13

        1.  Notice of Electronic Filing ..................................................... 13

        2.  Internal Use Docket ................................................................ 14

FRAUDULENT CONDUCT OF OFFICERS OF THE COURT ........................ 15

    C.  The Fraudulent Conduct of DH's Attorneys and Staff ................ 15

        1.  Declarant Cherie Parker's Perjurious Statements ................... 15

        2.  Attorney Lee Roistacher's Filing of Fraudulent Evidence ................ 16

        3.  Attorney Heather Paradis' False and Misleading Statements ............ 18

    D.  The Fraudulent Conduct of FMM's Attorneys ........................... 19

    E.  Misrepresentations By Officers Of The Court ........................... 21

        1.  Deadlines and Hearings ......................................................... 21

        2.  Motions and Judge's Association ............................................ 22

        3.  Joinders in Motions ............................................................... 22

SUBSTANTIVE ERRORS BY THE RULING COURT .................................. 23

INDEPENDENT ACTION FOR RELIEF FROM ORDER AND JUDGMENT TO REMEDY FRAUD ON THE COURT

F.  Deprived Petitioner's Right To Amend Pleading.......................................23

G.  Granted Bogus "Request For Judicial Notice" ...........................................26

H.  Issued Order Which is Noncompliant With Local Rule...........................26

I.  Improperly Engaged In Factfinding ...........................................................27

   1.  Causes of Action I and II.......................................................................28

   2.  Causes of Action III, IV and V........... **Error! Bookmark not defined.**

   3.  Cause of Action VII............................. **Error! Bookmark not defined.**

   4.  Cause of Action X ............................... **Error! Bookmark not defined.**

   5.  Cause of Action XI.............................. **Error! Bookmark not defined.**

PRAY.....................................................................................................................31

1.    Plaintiff, Brian Martins, files this petition as an independent action for relief from order and judgment to remedy fraud on the court, and substantive errors pursuant to Fed. R. Civ. P. 60(d)(1) and (3) and in support thereof states as follow.

### NATURE OF ACTION

2.    This is an action pertaining to Martins v. New West Investment Group, el al filed in the U. S. District Court, So. District of Calif. Case No. 18-cv-01731-AJB-AHG (herein "*Martins v. NWIG*"). In particular, to the dismissal order issued by ruling Court and the subsequent judgment entered by the Clerk in favor of the Defendants. This is an action to redress fraud on, or upon the Court by defense counsel who have made and filed false and misleading documents which stands as fraudulent evidence on the record, which swayed judgement in favor the Defendants. Further, to redress substantive errors by the ruling Court improperly engaged in factfinding in granting Defendants' motions to dismiss. Notwithstanding Petitioner's timely and properly filed documents and requests, in pursue of a fair and justice opportunity to present his meritorious claims and absence of fault or negligence on the part of the Petitioner, the *Martins* Court ruled on the documents and request as "moot". There being no other adequate remedy at law, and the judgement and order ought not, in equity and good conscience, be enforced the Petitioner is compelled to file this petition.

### PARTIES

3.    Plaintiff, Brian Martins is an individual who, at all times relevant, is a citizen who resided within California. He is original party to *Martins v. NWIG* as the Plaintiff.

4.    Defendants, Northwest Development Co. also d/b/a New West Investment Group, Inc. (NWIG), and Oak Tree Escrow, Inc. (OTE), are California corporations which, at all times relevant, did business within California, Gregory Brown is an individual and officer of NWIG, Gregory Brown, Jr. is an individual

4

and officer of NWIG, Bobbi Pearson  is an individual and officer of OTE, Robert Holland is an individual, the foregoing persons, at all times relevant, are citizens who resided within California and are sued in their individual and representative capacities, and represented by law firm Freeland McKinley & McKinley, LLP (herein "FMM"). The foregoing are original parties to *Martins v. NWIG* as defendants (herein, sometimes collectively "FMM Defendants").

5.    Defendants, Melanie Kush is an individual, Scott Johnson is an individual, Keith Till is an individual, Gary Halbert is an individual, Pedro Orso-Delgado is an individual, Steven Cresswell is an individual, Jeff Tamares is an individual, the foregoing individuals, at all times relevant, are citizens who resided within California, and are sued in their individual and representative capacities, and represented by law firm Daley and Heft, LLP (herein "DH"). The foregoing are original parties to *Martins v. NWIG* as defendants (herein, sometimes collectively "DH Defendants").

6.    Defendant Chicago Title Company, Inc. is a California corporation which, at all times relevant, did business within California. The foregoing is an original party to *Martins v. NWIG* as a defendant.

7.    Defendants, Jackie Josephson is an individual, and Jay Knohl is an individual, the foregoing individuals, at all times relevant, are citizens who resided within California and are sued in their individual and representative capacities, and represented by attorney Joseph La Costa (herein "JLC"). The foregoing are original parties to *Martins v. NWIG* as defendants (herein, sometimes collectively "JLC Defendants").

8.    All defendants collectively referred to as "Defendants".

9.    Unnamed Defendant, City of Santee (herein "City") is a municipal corporation of the State of California, within San Diego County. The City was inadvertently not added to caption of FAC, but the City and its employees (DH Defendants) are alleged therein and referenced over 100 times and represented by

INDEPENDENT ACTION FOR RELIEF FROM ORDER AND JUDGMENT TO REMEDY FRAUD ON THE COURT

1 | counsel for DH Defendants.

2 | **JURISDICTION AND VENUE**

3 |     10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C.

4 | §1331 because the complained of acts raise federal questions under the laws of the

5 | United States, and specifically, Fed. R. Civ. P. ("FRCP") 60(d)(1) and (3).

6 |     11.   This Court also has jurisdiction over the subject matter of this

7 | action pursuant to 28 U.S.C. §1332 in that (ii) the amount in controversy exceeds

8 | $75,000 (seventy five thousand dollars) exclusive of interests and costs.

9 |     12.   Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because

10 | the fraud upon the court committed by defense counsel occurred in the District of

11 | California and the losses and damages to Plaintiff are in this District.

12 | **BACKGROUND FACTS**

13 |   **A.**  **The *Martins v. NWIG* Pleadings**

14 |     13.   In July 2018, Plaintiff Brian Martins filed Civil Action No. 18-cv-

15 | 01731-AJB-JMA in the South District Court of California against Defendants. Mr.

16 | Martins hereinafter referred to as "Petitioner". Before serving and after obtaining

17 | leave to amend, on April 15, 2019, Petitioner's first amended complaint was filed

18 | (herein "FAC") and thus, preserved right to amend once under FRCP Rule

19 | 15(a)(1).

20 |     14.   In response to served FAC, majority (__%) of Defendants filed

21 | FRCP Rule 12(b) motions to dismiss for failure to state a claim, except the

22 | Defendants did not serve the motions of Petitioner. However, the Court

23 | inadvertency took action on the matters and allowed the Defendants to advance the

24 | motions. In attempt to set the record straight, Petitioner filed motions to quash the

25 | purported proofs of service and to strike or dismiss the unserved motions by said

26 | Defendants.

27 |     15.   Petitioner's claims against the Defendants includes copyright and

28 | contributory copyright infringement, implied conspiracy to deprive him of his

6

personal property and interest, taking of his property, breach of contract, and unjust enrichment.

16.     Petitioner alleged that the Defendants acted in concert, with one another, in a conspiratorial scheme known "the common goal" to develop real property known as El Nopal Estates II, Unit 2 (herein "ENEII-2"). Petitioner alleged that the Defendants infringed his copyrights by using, copying, distributing, encouraging and making of derivative works based on his copyrighted plans and designs. Petitioner also alleged that the Defendants deprived him of vested property right (land use permit "property") by the taking of the property under guises of public cul-de-sac improvement project. Petitioner also alleged that the Defendants deprived him of his interest in, and to improvement agreement with the City which incorporates his copyright plans and designs. Having done the foregoing, the Defendants profited to detriment of Petitioner.

**B.    The _Martins v. NWIG_ Related Court Orders**

17.     The following orders related to, and associated with the motions to dismiss by Defendants.

**1.    Order Denying Petitioner's Unopposed Motions to Quash False and Misleading POS by Defendants**
     (ECF Nos. 79)

18.     On July 31, 2019, counsel for FMM Defendants filed motions to dismiss (ECF Nos. 19, 22) with accompanying proofs of service (herein "POS", Exhibits 1 and 2), and on August 1, 2019, counsel for DH Defendants filed motion to dismiss (ECF No. 24) with accompanying certificate of service (herein "COS", Exhibit 3). As above-mentioned, the Defendants failed to serve the motions on Petitioner as falsely declared in POS and COS, resulting in Petitioner's course of amendment being frustrated and confused.

19.     On about September 25, 2019, Petitioner's motions to quash the false and misleading POS and COS was filed (ECF Nos. ___). At no time did

7

counsel for the Defendants file any opposition to the motions.

20.    However, counsel for DH Defendants asserted the "re-serving" of the motion to dismiss <u>never</u> served on Petitioner, and filed certificate of service. It is worth noting that said counsel never obtained an extension of time to serve the untimely motion as provided and required under FRCP Rule 6. Further, according to docket, the certificate of service *preempted* Petitioner's motion to quash by not "entered chronologically in the docket" as required under FRCP Rule 79(a)(2).

21.    Days later, counsel for DH Defendants filed an *ex parte* motion for a revised briefing schedule (ECF No. 77) pertaining to the untimely served motion to dismiss. In response to *ex parte* motion, on September 30, 2019, Petitioner obtained more time and permission to filing *ex parte* motion for a 7-day extension of time to opposition said counsel's *ex parte* motion. (ECF No. 81). The request is made in accordance with Section III.2 of the Chambers' Civil Case Procedures,

Section III.2, in part, states:

> "If more time is needed, opposing counsel must call the law clerk to modify the schedule."

22.    However, to Petitioner's dismay and without an opportunity to be heard, on October 1, 2019, the Court ruled on Petitioner's motions to quash as "moot", and a few days later, ruled on his *ex parte* motion as "moot". (ECF Nos. 79, 81).

23.    In light of the motions to quash, at no time did counsel for DH or FMM Defendants file any opposition to the motions, nor did said counsel withdraw and refile, or amend the false and misleading POS and COS filed as evidence of record.

**2.    Order Granting Defendants' Inappropriate Motions To Dismiss, And Denying Petitioner's Right To Amend Under Rule 15(A)(1)** (ECF No. 101)

24.    As ordered by the Court, Petitioner provided responses to

8

Defendants' motions to dismiss by causing his memorandums in response, and second amendment (herein "SAC") to be mailed to Court clerk which were filed on November 1, 2019, except for the SAC. (ECF Nos. ___). In the memorandums, Petitioner requested in the alternative that the Court file his SAC as a matter of course. However, the Court refused to accept, for filing, the SAC unless filed by noticed motion which Petitioner declined to do out of concern for waiving his right to amend.

25.    In December 2019, the Court took under submission motions to dismiss by Defendants and memorandums in response by Petitioner. On March 27, 2020, the Court ruled on the motions in favor of the Defendants (ECF No. 101), without apparent regard for Petitioner's request or right to file SAC, which rendered the motions moot. The Clerk entered judgement on March 30, 2020 (ECF No. 102).

26.    Instead, Court chooses to address alleged deficiencies in FAC, asserted by defense counsel, which are cured in the SAC. Further, the Court chooses not to address known[1] falsehoods in the purported POS and COS concurrently filed with untimely and unserved motions to dismiss by DH Defendants and FMM Defendants.

27.    Not only did the Court disregard Petitioner's request to file SAC, as a matter of course, but the Court disregarded facts alleged in the FAC. Instead, the Court took facts, falsely alleged, from the motions to dismiss which are predicated upon the fraudulent POS and COS, and inappropriately filed.

28.    The following is a case in point, wherein counsel for FMM Defendants misrepresent a fact stated in FAC, and the Court subsequently, in its factfinding, mirrored the exact misrepresentation made by the counsel.

Fact stated in FAC:
"Brown and Landowner entered into Brown's Purchase and

---

[1] *See* Section C and D.

Sales Agreement" (ECF No. 13 p.13 ln.28 and p.14 ln.1)

Defense counsel's misrepresentation of the fact:
"Holland entered into a Purchase and Sale Agreement" (ECF Nos. 19-1 and 22-1p.10 lns.9-10)

Court's mirroring of counsel's misrepresentation:
"Holland entered into a Purchase and Sale Agreement" (ECF No. 101 p.2 lns.24-25)

29.    The foregoing comparison clearly shows error by the Court in its factfinding. Equally importantly, the Court appears to adopt defense counsels' conclusions that "deficiencies" in FAC not curable by amendment, as if right to amend under Rule 15(a)(1) is preconditioned upon opposing counsels' opinion, which it is not. The above comparison is one of more which appear mirrored, per verbatim, in the Court's March 2020 Order dismissing the Defendants.

### 3.    Order Striking Petitioner's Motion to Vacate Judgement, Based on a Chamber Procedure
(ECF No. 132)

30.    On March 29, 2021, Petitioner requested a motion hearing date, and on March 30, 2021, at about 3:30 pm, a Court clerk provided the date at which time he promptly prepares papers for mail serving and filing. Basically, Petitioner had about two hours to prepare, serve, and travel about 45 minutes to the courthouse to file before closing at 4:30 p.m. on that *same day*. Here, Petitioner is prejudiced because defense counsel may file papers, via CM/ECF system, until 11:59 p.m. on the *same day*.

31.    Prior to, and on April 5, 2021, the Court received and filed motion to vacate judgement and order by Petitioner (ECF No 131). The motion is a jurisdictional Rule 60(b) which must be filed "no more than a year after the entry of the judgment". Further, under Rule 6(b)(2), "a court must not extend the time to act under 60(b)." In *Martins*, the deadline to file the motion is April 5, 2021.

32.    Notwithstanding disparity between privileged user and non-user of

10

the system, on April 8, 2021, the assigned District Judge ordered Petitioner's motion to vacate stricken from the record (ECF No. 132) "for failure to comply" with Section II.A of the Chambers' Civil Case Procedures ("chamber rule").

> Section II.A, in part, states:

>> "Motion papers MUST be filed and served the *same day* of obtaining a motion hearing date from chambers." (Italic added)

> Front-page for Section II.A states:

>> "**Please Note**: The Court provides this information for general guidance to counsel. However, the Court may vary these procedures as *appropriate in any case*." (Italic added) (Bold in original)

33.   Instead of the Court slightly varying the procedure to allow the motion to see the light of day, the Court apparently deemed it not "appropriate" in this case, for whatever reason. Consequently, the time to act is barred under Rule 60(b) and the Court lacks jurisdiction to extend such deadline[2].

34.   The following is a similar instance where a Civil Rule (not a chamber rule) trumped a FRCP.

> The 9th Circuit made the following ruling:

>> "The district court erred in permitting a local rule to trump the governing federal rule. The application of Local Rule 7–12 resulted in the dismissal of the Plaintiff's case and the concomitant denial of leave to amend, all without considering the legal import of the Second Amended Complaint. This deprived the Plaintiff of his right to file an amended complaint under Rule 15. If in conflict, the Local Rule must yield to the federal rule, here Rule 15. *See Colgrove v. Battin*, 413 U.S. 149, 161 n. 18, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). We therefore reverse the district court's grant of the motion to dismiss."

---

[2] FRCP 6(b)(2).

**4.  Order Denying Petitioner's Motion for Reconsideration of Stricken Motion to Vacate**

(ECF No. 146)

35.  In response to the Court's striking of Petitioner's motion to vacate, on May 11, 2021, Petitioner's caused his *ex parte* application for reconsideration of stricken motion and subsequent amendment to be filed. (ECF Nos. 142, 144). However, on June 4, 2021, the Court issued an order denying the *ex parte* application for reconsideration which states the following.

> The order, in part, states:
>
> > "…Court's striking of the [motion to vacate] document does not prevent Plaintiff from *submitting* a new filing in accordance with chambers' rules, there is no manifest injustice". (Emphasis added) (ECF 146 p.1 lns. 21-24)
>
> The order further states:
>
> > "Plaintiff is free to correct and refile any stricken document, and the Court will *accept* it so long as the new filing complies with the *appropriate* rules." (Emphasis added) (*Id.* p.1 ln. 28)

36.  According to CivLR Rule 1.1(e), *File* means the delivery to and "acceptance" by the clerk or court clerk of a document and *Lodge* means to "submit" by email or otherwise any document(s) to the Clerk of Court. According to Rule 60(b), the Court "must not extend the time to act" under the Rule. According to the order, there is manifest injustice if Petitioner cannot act in filing a new motion to vacate under the "appropriate" Rule 60(b).

37.  Accordingly, there <u>is</u> manifest injustice because Rule 60(b) bars him. Although Petitioner may lodge a new motion in accordance with chamber rule, its non-compliance with Rule 60(b), which is like "putting the cart before the horse" with opposing headwind from defense counsel. Indeed, Petitioner is prevented from acting in the filing of a new motion to vacate.

38.   Furthermore, and more concerning, in light of newly discovered evidence[3], it appears the Court's Order, entered on June 4, 2021, is signed by assigned District Judge whose association with *ex parte* motion for reconsideration was terminated effective May 13, 2021 (ECF No. 146).

39.   For reasons including the above-mentioned, there is manifest injustice and Petitioner is prejudiced.

### NEWLY DISCOVERED EVIDENCE

40.   A party may seek relief from the judgment if there is newly discovered evidence. FRCP 60(b)(2); *Compass Tech., Inc. v. Tseng Labs., Inc.,* 71 F.3d 1125, 1130-31 (3d Cir. 1995); *Rosebud Sioux Tribe v. A&P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir. 1984). Petitioner discovered new evidence after ruling on the motions to dismiss and is entitled to relief from the order and judgment (ECF Nos. 101, 102). The following is the new evidence.

1.   **Notice of Electronic Filing**

41.   According to CM/ECF system, responsible filing party for DH Defendants is attorney Lee Roistacher who electronically filed the motion to dismiss through the system which generated Notice of Electronic Filing transaction receipt dated August 1, 2019 at 12:07 PM PDT (herein "NEF", Exhibit 4).

42.   The NEF indicates assigned District Judge and Magistrate, attorney Roistacher and legal secretary Maria Kilcrease with DH, and attorney Karen McKinley with FMM received a copy of the NEF as case participants or designated recipients of the system. Petitioner is none of the above and not a privilege user of the system and therefore, cannot receive or send documents.

43.   The NEF is incontrovertible evidence Petitioner was <u>not</u> served motion to dismiss through the system or otherwise as falsely declared and asserted by counsel for DH Defendants.

---

[3] Internal Use Only docket

13

## 2.    Internal Use Docket

44.    According to "Internal Use Only" docket in *Martins v. NWIG* case (herein "IU docket", Exhibit 5) there are annotation entries by Court clerks which appear in IU docket but not in general docket. Based on information and research, the following annotations indicate pending close-out of the case, and calendar cancellations.

45.    A comparison of entries in the IU docket to those in the general docket reveal conflicts and misrepresentations pertaining to briefing schedules, hearings and associations in *Martins v. NWIG* which are detrimental and prejudiced to Petitioner.

46.    Even though NEF and IU docket evidence existed prior to the Court ruling on the motions to dismiss, Petitioner discovered the evidence after such time. Petitioner exercised due diligence to discover the evidence before Court ruled on the motions; but was unable to discover it because Petitioner is not a privileged user or recipient of the CM/ECF system, nor does he have understanding of the working of the system. *Compass Tech.,* 71 F.3d at 1130; *see Rosebud Sioux Tribe*, 733 F.2d at 515-16. The evidence is attached to this petition as Exhibits 4 and 5, qualifies as newly discovered evidence for the following reasons:

  a.    The new evidence is admissible. *See United States v. McGaughey*, 977 F.2d 1067, 1075 (7th Cir. 1993). The evidence is a transaction receipt by CM/ECF system and internal docket report previously unknown Petitioner, but part of court records in *Martins v. NWIG.*

  b.    The new evidence is credible. *See McGaughey*, 977 F.2d at 1075. The evidence is official court record previously unknown to Petitioner.

  c.    The NEF evidence is material and controlling. *See McGaughey*, 977 F.2d at 1075. The NEF is material because it is undisputable evidence Petitioner was not electronically served through the system, and controlling because no matter can advance

14

without proper service under FRCP.

    d.   The IU Docket evidence is material and controlling. *See McGaughey*, 977 F.2d at 1075. The IU docket is material because it is undisputable evidence that shows items on general docket are misrepresented, and because controlling because docketed items are official records under FRCP.

    e.   The new evidence is not merely cumulative or impeaching. *See McGaughey*, 977 F.2d at 1075. The evidence not fact or information that proves what has previously been established by other information concerning the same issues, nor does it impeach any witnesses, except for misrepresentation.

    f.   The new evidence would have rendered motions to dismiss moot. *Alpern v. UtiliCorp United, Inc.,* 84 F. 3d 1525, 1535, 1537-38 (8th Cir. 1996). The NEF evidence reveals falsities in COS which confused and frustrated efforts to file SAC as matter of course and thereby, rendering the motions to dismiss moot. The IU docket evidence reveals nature of the Court's unfair and bias conduct which impaired the filing of SAC.

## FRAUDULENT CONDUCT OF OFFICERS OF THE COURT

47.   Definition of Fraud on the Court or Fraud upon the Court is where a material misrepresentation has been made to the court, or by the court itself. The main requirement is that the impartiality of the court has been so disrupted that it can't perform its tasks without bias or prejudice. (https://www.legalmatch.com).

**C.**  **The Fraudulent Conduct of DH's Attorneys and Staff**

**1. Declarant Cherie Parker's Perjurious Statements**

48.   On August 1, 2019, as declarant and former attorney, Cherie Parker with DH declares the following in COS. (ECF No. 24-3, Exhibit 3).

    Parker, in part, states:

> "I served the [motion to dismiss] documents via CM/ECF…on designated recipients [Plaintiff] through electronic transmission of said documents;" (*Id.* p.2 lns.20-21)

49.   This statement is a flat lie which directly contradicts her colleague

and the responsible filing party, attorney Lee Roistacher counsel for DH Defendants. A simple, side-by-side, comparison of the NEF[4] and COS (Exhibits 3 & 4) reveals falsehood.

50.    Further, Parker states Roistacher will receive acknowledgement and proof of electronic service.

Parker further states:

> "…certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party." (*Id.* p.2 lns.21-23)

51.    On or around August 1, 2019, responsible filer attorney Roistacher received the acknowledgement and proof of electronic service, yet, did little or nothing in attempt to sanitize the docket of this crappy COS. Instead, Roistacher caused Court staff to inadvertently take action on the unserved motion to dismiss and his colleagues to move the motion forward. According to CivLR 5.2, the motion MUST be served "before action is to taken thereon by the court or the parties."

52.    Petitioner has never been a privileged user of CM/ECF the system and therefore, he must be served as set forth in CivLR 5.4(c) which he was not, period.

53.    In light of this, at no time did declarant Parker, responsible filing party attorney Roistacher, or any other counsel for DH Defendants withdraw and refile or amend the COS and therefore, it stands as fraud on the Court.

### 2. Attorney Lee Roistacher's Filing of Fraudulent Evidence

54.    According to Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Rules") the responsible filing party for the NEF is

---

[4] See Newly Discovered Evidence

attorney Roistacher. Also, he is responsible for all inappropriate and fraudulent documents filed through CM/ECF system using his password.

Section 1.G of ECF Rules, in part, states:

> "The attorney is responsible for all documents filed with his or her password."

55. Further, his responsibilities touch upon his duty to monitor his e-mail traffic. Here, if declarant Parker used his password with or without his actual knowledge or consent is irrelevant. The bottom-line, Roistacher is solely responsible not only in this instance, but in all instances known or discovered.

ECF Rules states:

> "Each registered user of the CM/ECF system is responsible for assuring that the user's e-mail account is monitored regularly, and that e-mail notices are opened in a timely manner."

56. The NEF, attached as Exhibit 4, clearly shows Petitioner was <u>not</u> served through the system but allegedly give notice by "other means" indicating COS via postal service. However, his colleague, declarant Parker states under penalty that she served the motions on Petitioner through the system.

57. Whether a case of "right-hand not knowing what left-hand is doing" or "he said she said" it certainly is gross negligence involving a mundane task which appears to have been brushed aside to the detriment and prejudice of Petitioner.

58. In light of this, at no time did declarant Parker, responsible filer attorney Roistacher, or any other counsel for DH Defendants withdraw and refile or amend the COS and therefore, fraud on the Court.

59. Petitioner alleges the COS are fraudulent evidence made and filed by counsel for DH Defendants which swayed judgement in favor of the Defendants to the detriment of Petitioner.

### 3. Attorney Heather Paradis' False and Misleading Statements

60.    On about September 13, 2019, about sixty (60) days after serving of FAC on DH Defendants, attorney Heather Paradis joined attorney Roistacher as counsel of record in *Martins v, NWIG*.

61.    In response to Petitioner's motion to quash COS, on September 25, 2019, Paradis allegedly "re-served" what her colleagues <u>never</u> served on Petitioner, the motion to dismiss, and, she did so without obtaining an extension of time to serve untimely motion in violation of FRCP Rule 6(b).

62.    A few days later, Paradis filed *ex parte* motion for a revised briefing schedule (ECF No. 77) wherein she states the following.

Paradis, in part, states:

"Upon receiving plaintiff's motion to quash/strike (Doc. 74), **counsel…discovered** that the motion to dismiss…was inadvertently not mailed served to plaintiff…" (Bold added) (*Id*. p.3 lns. 23-24 and p.4 lns.1-2)

Paradis further states:

"Defense **counsel was not aware** that it had not served plaintiff [b]y mail with the motion to dismiss (Doc. 24) until plaintiff filed his motion quash…" (Bold added) (*Id*. p.4 lns. 5-6)

63.    Here, Paradis asserts that her colleagues including attorney Roistacher, the responsible filer, had not "discovered" and was not "aware" that motion to dismiss was not mail served on Petitioner. In light of the NEF and COS her assertion is completely false and misleading. Paradis then states the following.

Paradis, in part, states:

"…plaintiff did not disclose a problem with service of the motion he obviously **received through the CM/ECF** *system*." (Bold added) (Id. p.4 lns. 9-11)

64.    Here, Paradis wrongly implies Petitioner had a duty to tell her

18

colleagues about the apparent failure to read and understand the NEF and COS, filed and received by attorney Roistacher, which Petitioner not received. Next, Paradis appear to echo declarant Parker's falsehood that Petitioner received the motion to dismiss "through the CM/ECF system" which is completely false and misleading as above-mentioned.

65.    Lastly, Paradis appears to present herself as lonely attorney of record for DH Defendants by declaring the following.

> Paradis declares under penalty:
>
> > "On September 26, 2019...*I learned for the first time that...motion to dismiss was inadvertently not mailed to plaintiff*." (Italic added) (ECF No. 77-1 p.2 ¶¶ 3-4)

66.    Although Paradis may not have known about the "he said she said" involving the NEF and COS, she is one of four attorneys of record for DH Defendants. Just because she colleagues apparently failed to inform her of issue does not, and cannot, excuse her colleagues including the responsible filer attorney Roistacher who knew or should have known of the issue.

67.    Attorney Paradis' statements along with those of declarant Parker are false and misleading and have swayed judgement in favor of DH Defendants.

**D.    The Fraudulent Conduct of FMM's Attorneys**

68.    On July 31, 2019, as declarant and attorney of record, Karen McKinley made proofs of service (herein "POS") filed concurrently with motions to dismiss by FMM Defendants. (Exhibits 1 and 2).

69.    The POS

70.    On July 31, 2019, as declarant and attorney of record, Karen McKinley with FMM declares the following in POS (ECF Nos. 19-4, 22-4, Exhibits 1 & 2). Not only does the POS contains invalid signature, incorrect case number, incorrect attorneys of record, but documents described herein are <u>not</u> the same documents actually filed of record in *Martins v. NWIG* docket.

McKinley, in part, states:

> "I *caused* to be served the *document(s) described* below as:" (Italic added) (*Id.* p. 2 ln. 10)

71.    In the foregoing statement, McKinley admits she did <u>not</u> actually serve but allegedly "caused" an unnamed person who supposedly "served" the documents herein. However, a side-by-side comparison of the documents allegedly served to those actually filed of record is completely different set. (Exhibit 6).

72.    Further, McKinley declares alleged service by way of mail with envelope "deposited" [placed] in the U.S. Mail at San Diego, California.

McKinley further states:

> "…such envelope…will be *deposited* with the United States Postal Service…" (Italic added) (*Id.* p. 3 lns. 11-14)

73.    In a related serving by FMM Defendants (ECF No. 159-1) the declarant herein states service by mail with envelope *placed* in the U.S. Mail at Pine Valley Calif. However, the envelope was not "placed" as declared but hand-delivered according to Petitioner's mail servicer who gave him the envelope after striking out the postal stamps with marker. (Exhibit 7).

74.    Without any other proffer of evidence, other than the false and misleading POS, which are riddled with fatal issues, there is no prove Petitioner was never served even to this day.

75.    As above-mentioned Petitioner filed motions to quash the POS, which went unopposed, but the Court ruled the motions "moot". In light of the motions, at no time did counsel for FMM Defendant withdraw and refile or amend the POS which are false and misleading and therefore, on the Court.

76.    Petitioner alleges the POS are fraudulent evidence made and filed by counsel for FMM Defendants which swayed judgement in favor of the Defendants to the detriment of Petitioner.

### E.  Misrepresentations By Officers Of The Court

77.    The following is taken from, or referenced in the newly discovered evidence presented herein.

#### 1.  Deadlines and Hearings

78.    On May 18, 2020, a Court clerk entered the following annotation in IU docket.

> "(Court only) ***Deadlines/Hearings terminated. (no document attached) (sc) (Entered: 05/18/2020)"

79.    Before entry of the above annotation, the following items appeared in general docket and/or the IU docket.

04/01/2020 – (Court only) 103 MOTION to Clarify Hearing set for 6/4/2020 before Judge Anthony J. Battaglia (Entered: 05/07/2020)

04/06/ 2020 – ORDER BY JUDGE BATTAGLIA: Setting Briefing Schedule re 103 MOTION of Clarify: Responses due by 4/20/2020; Replies due by 4/27/2020 (ECF No. 104)

05/06/2020 – (Court only) 108 MOTION to Alter Judgment, Hearing set for 7/2/2020 before Judge Anthony J. Battaglia (Entered: 05/07/2020

05/18/ 2020 – ORDER Setting Briefing Schedule re 108 Motion to Alter Judgment Motion to Amend/Correct: Responses due by 6/1/2020; Replies due by 6/8/2020. (ECF No. 116)

05/18/ 2020 – NOTICE of Continued Hearing on Motion 103 Motion to Clarity: Motion Hearing continued to 7/2/202. (ECF No. 117)

80.    Petitioner alleges the forgoing deadlines and hearings displayed in general docket *before* the May 18, 2020 annotation and terminated in the IU docket, are misrepresentations to detriment of Petitioner.

## 2.   Motions and Judge's Association

81.   On May 13, 2021, a Court clerk endfiuoopuoupiouoioutered the following annotation in the IU docket.

> "(Court only) ***Motions and Judge Association terminated, Amended Motion Filed: <u>142</u> MOTION for Reconsideration filed by Brian Martins. (no document attached) (jrm) (Entered: 05/13/2021)"

82.   The foregoing annotation pertains to Petitioner's *ex parte* application for reconsideration of stricken motion filed May 12, 2021 (ECF No. 142). According to IU docket, the annotation was entered *after* Petitioner's *ex parte* application for reconsideration. Petitioner alleges the ruling Court's denial order on the *ex parte* application by the assigned District Judge on June 4, 2021 (ECF No. 146), is inappropriate and prejudice.

## 3.   Joinders in Motions

83.   The following are joinders in motions filed by counsel for Defendants' in *Martins v. NWIG*, with each representing a specific date, time and location to be heard.

> JLC Defendants' joinder filed Sept. 2, 2019, hearing date of 10-3-19, at 1:30 p.m., in Dept. 4A. (ECF No. 53)
>
> DH Defendants' joinder filed Sept. 10, 2019, hearing dates of 11-21-19, at 2:00 p.m., in Dept. 4A. (ECF No. 63)
>
> DH Defendants' joinder filed Sept. 13, 2019, hearing dates of 11-21-19, at 2:00 p.m., in Dept. 4A. (ECF No. 67)
>
> Defendant CTC joinder filed Sept. 21 2019, hearing date of 10-3-19, at 2:00 p.m., in Dept. 4B. (ECF No. 70)

84.   Two of the foregoing joinders (ECF Nos. 53, 70) are filed *after* initial response to the FAC, as provided under FRCP 15(a)(1). The other two are

1    equivalent to preanswer Rule 12(b) motion.

2        85.    Without apparent regard for hearing dates represented, the dates

3    came and went without a peer or action from any of defense counsels or the Court.

4    Further, at no time did said counsel withdraw, refile or amend the joinder, nor the

5    Court vacate any of the dates.

6        86.    Petitioner alleges he was misled into believing that forthcoming

7    hearings would provide him opportunity to be heard on the matters, when in fact,

8    he was misled by the officers of the Court.

9                    **SUBSTANTIVE ERRORS BY THE RULING COURT**

10       87.    In December 2019, in *Martins v. NWIG*, the Court took under

11   submission motions to dismiss by Defendants and memorandums in response to

12   the motions by Petitioner. In March 2020, the Court ruled on the motions in favor

13   of Defendants. In its factfinding and conclusion, the ruling Court made substantive

14   errors which are material. Consequently, Petitioner was deprived of his rights and a

15   fair and justice opportunity to present his meritorious claims. The following are

16   errors made by the ruling Court.

17   **F.    Deprived Petitioner's Right To Amend Pleading**

18       88.    Under FRCP 15(a) are the different ways Petitioner may amend,

19   and these ways are not mutually exclusive.

20           FRCP 15(a) (1) and (2) provides:

21               (1) *Amending as a Matter of Course*. A party may amend
22               its pleading once as a matter of course within:

23                   (A) 21 days after serving it, or

24                   (B) if the pleading is one to which a responsive
                     pleading is required, 21 days after service of a
25                   responsive pleading or 21 days after service of a
                     motion under Rule 12(b),(e), (f), whichever is earlier.
26
                 (2) *Other Amendments*. In all other cases, a party may
27               amend its pleading only with the opposing party's written
28               consent or the court's leave. The court should freely give

---

23

1    leave when justice so requires.

2    89.    In response to the served FAC, JLC Defendants filed an answer

3    (ECF No. 18) and proofs of service on July 30, 2019; FMM Defendants filed 12(b)

4    motions to dismiss (ECF Nos. 19, 22) and the POS (ECF Nos. 19-4, 22-4) on July

5    31, 2019; DH Defendants filed 12(b) motion to dismiss (ECF No. 24) and the COS

6    (ECF No. 24-3) on August 1, 2019; and Defendant CTC filed 12(b) motion to

7    dismiss (ECF No. 69) and proof of service (ECF No. 69-3) on September 21, 2019.

8    The FMM and DH Defendants represent about 80% of all the Defendant.

9    90.    In attempt to set the record straight to calculate window to file

10   second amendment under Rule 15(a)(1), on September 25, 2019, Petitioner filed

11   motions to quash the purported POS and COS. Instead of filing opposition to the

12   motions, counsel for FMM and DH Defendants declined to do so.

13   91.    However, counsel for DH Defendants asserted "re-serving" of

14   motion to dismiss, not previously served on Petitioner, and, did so without

15   obtaining an extension of time to serve under FRCP Rule 6.

16   92.    Subsequently, the Court ordered Petitioner to provide responses to

17   motions to dismiss which he did. In Petitioner's memorandums, he requested the

18   Court file, in the alternative, his SAC as a matter of course. However, it appears

19   the Court did not recognize his right under Rule 15(a)(1), and subsequently ruled

20   on the motions in favor of Defendants.

21   93.    "Rule 15 is organized substantively, not chronologically. It does

22   not prescribe any particular sequence for the exercise of its provisions. That is, it

23   does not mandate that the matter of course amendment under 15(a)(1) be exhausted

24   before an amendment may be made under 15(a)(2), nor does it state that the ability

25   to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is

26   made." [5]

27   94.    Here, the FAC was accomplished pursuant to Rule 15(a)(2) and

28

[5] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015)

INDEPENDENT ACTION FOR RELIEF FROM ORDER AND JUDGMENT TO REMEDY FRAUD ON THE COURT

therefore, Petitioner's right to amend once as a matter of course is not exhausted.

95.    Further, Rule 15 provides "where there are multiple defendants, and this twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course as to those defendants for whom the twenty-one day period has not yet expired."[6]

96.    At the time Petitioner requested his SAC be filed, in course, FMM and DH Defendants had not effectuated service on Petitioner with whom the twenty-one day period has not yet expired. The following is the Court's conclusion in its March 2020 order (ECF No. 101) granting Defendants' motions to dismiss, wherein the Court addresses "leave to amend".

The Court's conclusion, in part, states:

> "The Court finds that <u>leave to amend</u> would be futile, and thus DENIES granting additional <u>leave to amend</u>. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (finding <u>leave to amend</u> need not be granted if amendment would be futile)." (Underline added) (*Id.* p.11 lns. 1-3)

97.    At no time did Petitioner seek leave to amend the FAC. It appears the Court does not recognize his right to amend under Rule 15(a)(1) and cited doctrine of futility which "only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute."[7]

98.    In *Ramirez*, the appellate court concludes "that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." Further, there is nothing in FRCP Rule 15 that bars an amended complaint after leave to amend was previously allowed and exercised. Plaintiff still has the right, not an allowance or privilege, to file an amended complaint as a matter of course. It is well-established

---

[6] *Hylton v. Anytime Towing*, 2012 WL 1019829, at *2 (S.D. Cal. Mar. 26, 2012)
[7] *Scinto v. Stansberry*, 507 F. App'x 311, 312 (4th Cir. 2013)

1   "amended complaint supersedes the original, the latter being treated thereafter as

2   non-existent."[8]

3        99.   Petitioner alleges the Court errored by not accepting, for filing, his

4   SAC as a matter of course under Rule 15(a)(1) which would have rendered the

5   motions to dismiss moot.

6   **G.   Granted Bogus "Request For Judicial Notice"**

7        100. On July 31, 2019, counsel for FMM Defendants represented the

8   following described document as *one and the* same.

9        #1 The Document *declared* in POS (ECF No. 22-4, p.2
10       lns.23-24):

         "Defendant Oak Tree Escrow and Bobbie Pearson's
11       Request for Judicial Notice In Support Of Special
12       Motion to Dismiss First Amended Complaint"

13       #2 The Document *filed* of record (ECF No. 22-2):

14       "Defendant Oaktree Escrow and Bobbie Pearson's
         Notice of Motion and Motion to Dismiss First
15       Amended Complaint"

16       #3 The Document *entered* in docket (*as* ECF No. 22-2):

17       "Request for Judicial Notice RJN"

18       101. It is undeniable the forgoing document (#3) is not "Request for

19   Judicial Notice RJN" but a notice of motions and motion (#2)

20       102. In the Court's March 2020 Order (ECF No. 101) the ruling Court

21   erroneously granted the above, bogus, "Request for Judicial Notice RJN" (*as* ECF

22   No. 22-2) by FMM Defendants, which prejudiced Petitioner.

23   **H.   Issued Order Which is Noncompliant With Local Rule**

24       103. In February 2019, Court issued notice of document discrepancies

25   and order thereon (ECF No. 10) which *rejected* document by Petitioner because the

26   document is non-compliant with CivLR 7.1, and 5.1 which includes "incorrect

27

28
─────────────────────
[8] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007, 1008 (9th Cir. 2015)

1  Judge in caption."

2      104. Petitioner alleges the Court's March 2020 Order (ECF No. 101) is

3  non-compliant with Local Rules and therefore improper, and that the Order should

4  be vacated because the Order is inappropriate. Further, Petitioner alleges the

5  Clerk's March 2020 Judgment (ECF No. 102) stands in conflict with the non-

6  compliance Order and therefore, should be vacated.

7  ### I.  **Improperly Engaged In Factfinding**

8      105. Petitioner alleges the Court improperly engaged in factfinding in

9  granting Defendants' motions to dismiss. Further, the Court could not possibly

10  have granted the motions to dismiss if it accepted all of the allegations in

11  Petitioner's FAC as true. The following statement found in the Court's March 2020

12  Order (ECF No. 101).

13      Background statement:

14          "The following facts are taken from Plaintiff's

15          **complaint** and construed as true for the limited purpose

16          of resolving **this motion**." (Bold added) (*Id.* p. 2 lns.

        12-14)

17

18      106. The foregoing statement is ambiguous but by drawing reasonable

19  inferences we conclude the "complaint" is the first amended complaint and "this

motion" is all four motions.

20  **Failure to Join an Indispensable Party**

21

22      107. Defense counsel and the Court contend because Petitioner "failed to

23  join" the City of Santee that alone is a basis for "dismissal of the entire compliant."

(*Id.* p. 6 ln. 23). The *fact* is, according to FAC, the City and its employees (DH

24  Defendants) are alleged and specified over 100 times in the FAC. Further, the City

25  was inadvertently not added to caption of the FAC. By drawing "all reasonable

26  inferences"[9] from the FAC in Petitioner's favor the City is a defendant, presently

27

28            
[9] *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013)

1  unnamed in *Martins v. NWIG,* and represented by counsel for DH Defendants.

2  Furthermore, upon filing SAC, the inadvertency and motions to dismiss are moot.

3  **Causes of Action I and II**

4  108. According to FAC, the first and second causes of action are for

5  copyright infringement, and contributory copyright infringement which is subject

6  to three year statute of limitation.[10] "A cause of action for copyright infringement

7  accrues when one has knowledge of a violation or is chargeable with such

8  knowledge."[11] Here, the Court's finding of fact involve taking incorrect fact from

9  motion to dismiss by counsel for CTC) which asserts Petitioner is "charged" with

10  such knowledge in 2010 and therefore the causes are time barred. (ECF No. 101, p.

11  7 lns. 6-7). The *fact* is, according to FAC, Petitioner first learned of infringement

12  while visiting the City in 2016, at which time an employee of the City told him that

13  his plans were being used. (FAC, ECF No. 13. p.26 ¶137)

14  **109.** Accordingly, the first and second causes of action are <u>not</u> barred

15  under the statute of limitations.

16  **Causes of Action III, IV and V**

17  110. According to FAC, the third, four and fifth causes of action are for

18  implied conspiracy to deprive Petitioner of personal property and interest, taking of

19  vested property right, and the taking by inverse condemnation which is subject to

20  three or five-year statute of limitation.[12] Here, the Court looks to defense counsels'

21  motions which lack understanding of the causes and therefore, asserts incorrect

22  facts which the Court takes and conclude the causes are time barred. The *facts* are,

23  according to FAC, the alleged conspiracy is directly associated with deprivation of

24  rights and taking of personal property and interest and therefore, is "implied"

25  conspiracy (FAC ¶¶62-120, ECF No. 13). Petitioner first learned of the implied

26  conspiracy in about February 2016 while talking with senior City planner who told

27  [10] 17 U.S.C. § 507(b)

[11] *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)

28  [12] See e.g. *Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal. App. 4th 1478, 1483 [citing Cal. Code Civ. Proc §338(j) and 3 Wikin, Cal. Proc. (5th ed. 2008) §605.

him how his vested property right, plans and improvement agreement were taken and being used by certain Defendants. Contrary to false facts put forth by defense counsel there is no "personal injury" charged against Defendants as presented in the dismissal order. (ECF No. 101 p. 7 ln. 18). According to FAC, last overt act occurred in 2016-17 (FAC ¶159, ECF No. 13). Accordingly, the third, four and fifth causes of action are not barred under statute of limitations.

**Cause of Action VII**

111. According to FAC, the seventh cause of action is for equitable estoppel[13] and breach of contract subject to four year statute of limitation[14]. This cause is not directed at FMM defendants as misrepresented in the dismissal order. (ECF No. 101, p.8 ln.28 and p.9 lns.1-3). The contract is between the City and Petitioner (then-manager of ENE Homes) dated July 2005. The contract is solely dependent upon Petitioner's copyrighted plans incorporated therein. Because of copyright issues this cause is brought pursuant to Article I, Section 10 (Contract Clause) and therefore, no doctrine of administrative exhaustion is required. Petitioner first learned of breach after City Council terminated the contract in late 2014. Contrary to facts taken from Defendants' motion to dismiss (ECF No. 24-1), and presented in dismissal order (ECF No. 101 p.9 lns. 4-6,) Petitioner's and Defendants' role in the matter is clear.

112. Accordingly, the seventh cause of action does not fail because Petitioner and said Defendants, in official capacities, are involved with the contract.

**Cause of Action X**

113. According to FAC, the tenth cause of action is for negligent misrepresentation subject to three year statute of limitations.[15] This cause of action is directed at DH Defendants and not FMM Defendants as incorrectly represented

---

[13] Equitable estoppel is abandon.
[14] Cal. Civ. Proc. §§ 337(1)
[15] Cal. Civ. Proc. §§ 338(d)

29

in dismissal order (ECF No. 101 p.10 lns.9-11). Based on assertions made in motion to dismiss by counsel for DH Defendants, taken and presented in dismissal order (ECF No. 101 p.10 lns. 12-13,),   the cause is "barred" because said Defendants are granted immunity[16] *unless* guilty of actual fraud, which is the case. The *fact* is, according to FAC, in April 2008 DH Defendants recorded a public notice (Exhibit 9) which put the world on notice that no permits will be issued

The notice, in part, states:

> "Parties of interest are hereby placed on notice that **no permits** will be issued for development of the property until such time as the default has been cured" (Bold in original)

114. The foregoing notice clearly represents that DH Defendants, in representative capacities, will not issue any permits for development of the ENEII-2 property until alleged default is cured. The notice is eventually rescinded in April 2016, *without* the alleged default cured. More importantly, during the eight (8) year period, said Defendants issued several permits to codefendants for development of ENEII-2 property. Said Defendants did not only made misrepresentations in, and regarding the notice, but said Defendants also made misrepresentations to City Council members which resulted in the Council voting to approve applications for permits, and to terminating Petitioner's interest in contracts

**115.** Accordingly, said Defendants made material misrepresentations to "parties of interest" and to members of the City Council which have resulted in Petitioner being deprived of his property and interest, and the benefits thereof and therefore, said Defendants' immunity is null and void.

**Cause of Action XI**

116. According to the FAC, the eleventh cause of action is for unjust enrichment charged against JLC and FMM Defendants. In 2005, as required by then-manager under contract, Petitioner provided and placed cash security on

---

[16] Cal. Govt. Code § 822.2

30

1  deposit with City clerk for ENEII-2 project, which was released in 2014 in amount

2  substantially less originally deposit. In 2016, staff with the City informed

3  Petitioner that City allowed said Defendants to utilize the cash security on deposit,

4  freely, without his acknowledge or consent. In addition, the City allowed charging

5  of the deposit for costs and expenses related to, which benefited said Defendants.

6  To date, none of said Defendants have ever paid any fees or interest to Petitioner,

7  or reimbursed him for the charging made against the deposit.

8      117. Petitioner alleges that Defendants have been unfairly enriched by

9  freely utilizing Petitioner's cash security on deposit and have benefited by the

10  charging of costs and expenses against the deposit without any payments or

11  reimbursement to Petitioner.

12                                **PRAY**

13      WHEREFORE, for the reasons stated above, Petitioner pray that this

14  Court provide relief from the order and judgment in Civil Action No. 18-cv-01731-

15  AJB-AHG, by vacating the order (ECF No. 101) entered on March 27, 2020, and

16  declaring the judgement (ECF No. 102) entered on March 30, 2020, void and

17  without force and effect, and acceptance Petitioner's second amended complaint as

18  a matter of course. Petitioner request that the Court impose appropriate sanctions

19  considering the severity of defense counsels' misconduct and the costs to Petitioner.

20  Sanctions should include the striking of defense counsel's pleadings and papers,

21  and award of costs, fees and other sanctions deemed reasonable under the

22  circumstances of this case. Petitioner also request, if applicable, opportunity to

23  present matters herein for declaratory judgement consideration.

24

25  DATED: May 3, 2023

26                                          Brian Martins

27                                          _____

28                                          Petitioner, in pro se

31

INDEPENDENT ACTION FOR RELIEF FROM ORDER AND JUDGMENT TO REMEDY FRAUD ON THE COURT

# EXHIBIT 1

Case 5:23-cv-00805-SSS-kk   Document 1   Filed 05/05/23   Page 33 of 57   Page ID
Case 3:18-cv-01731-AJB-LL   Document 19-43   Filed 07/31/19   PageID.190   Page 1 of 3
#:33

Steven A. McKinley, Esq. (Bar No. 89656)
Ian W. McKinley, Esq. (Bar No. 303218)
FREELAND MCKINLEY & MCKINLEY
402 West Broadway, Suite 1815,
San Diego, CA. 92101
Phone: 619.297.3170
Fax:    619.255.2833
Email: sam@akfm.com; iwmckinley@akfm.com

Attorneys for Defendants
NEW WEST DEVELOPMENT COMPANY;
GREGORY M. BROWN, SR., GREGORY BROWN, JR.,
ROBERT J. HOLLAND, OAK TREE ESCROW, BOBBIE
PEARSON

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS, | Case No.: 3:18-cv-1731-AJB-LL |
| Plaintiff, | *Assigned to for all purposes:* Honorable Anthony Battaglia |
| vs. | |
| NORTHWEST DEVELOPMENT COMPANY, a California corporation also doing business as NEW WEST INVESTMENT GROUP, INC., California Corporation; GREGORY M. BROWN, SR., individual; GREGORY BROWN, JR., individual; ROBERT J. HOLLAND, individual; NEW WEST FINANCIAL CO., California corporation, Inc., JACKIE JOSEPHSON, individual; JAY KNOHL, individual; CAL-WESTERN RECONVEYANCE CORP., California corporation; CHICAGO TITLE CO., California corporation; OAK TREE ESCROW, California corporation; BOBBIE PEARSON, individual; KOERNER-MAGEE CONSULTING ENGINEERS, California corporation; ANTHONY CARNEVALE, individual; MELANIE KUSH, individual; SCOTT JOHNSON, individual; KEITH TILL, individual; GARY HALBERT, individual; PEDRO | **PROOF OF SERVICE**<br><br>**Judge: Hon. Anthony Battaglia**<br>**Action Filed: 07/27/2018**<br>**First Amended Complaint: 04/15/2019**<br><br>Hearing Date : October 3, 2019<br>Time:            2:00 p.m.<br>Dept:            4A<br>Trial Date:    None Set |

Case 5:23-cv-00805-SSS-kk    Document 1    Filed 05/05/23    Page 34 of 57   Page ID
Case 3:18-cv-01731-AJB-LL   Document 19-34  Filed 07/31/19  PageID.191  Page 2 of 3
#:34

ORSO-DELGADO, individual; STEVEN
1   CRESSWELL, individual; JEFF
TAMARES, INDIVIDUAL; and DOES 1
2   THROUGH 10, inclusive,

3

                        Defendants.
4

5

6        I, the undersigned, hereby declare that I am employed with the law firm of Freeland McKinley

7   & McKinley in the County of San Diego, State of California.   I am over the age of 18 and not a party

8   to the within action.  My business address is 402 West Broadway, Suite 1815, San Diego, CA. 92101,

9   telephone number: 619.297.3170; facsimile: 619.255.2833.

10       On July 31, 2019, I caused to be served the document(s) described below as:

11
**NEW WEST INVESTMENT GROUP; GREGORY M. BROWN, SR.,**
12   **GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S NOTICE OF**
**MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
13
**DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M.**
14   **BROWN, SR., GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
15   **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

16
**DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M.**
17   **BROWN, SR., GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S**
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL**
18   **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

19
**DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
20   **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**
**COMPLAINT**
21
**DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
22   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**SPECIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**
23
**DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
24   **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

25

26

27

28
PROOF OF SERVICE                    Case#: 19CV1731 AJB LL

Case 5:23-cv-00805-SSS-kk    Document 1    Filed 05/05/23    Page 35 of 57    Page ID
Case 3:18-cv-01731-AJB-LL    Document 19-45    Filed 07/31/19    PageID.192    Page 3 of 3
#:35

Copy of said document(s) was served on each recipient as follows:

| | |
|---|---|
| Brian Martins<br>4776 El Cajon Blvd., Unit 106,<br>San Diego, CA. 92115<br>Tel: (619)753-5637<br><br>Email: brianmart68@yahoo.com<br><br>*In pro per* | Joseph LaCosta, Esq.<br>State Bar #108443<br>7860 Mission Center Court<br>Suite 201<br>San Diego, CA. 92108<br><br>Tel: 619.922.5287<br>Email: joelacosta@hotmail.com<br>*Attorneys for Jackie Josephson and Joy Knohl* |

____    (BY OVERNIGHT MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be placed with a courier or in a receptacle for Federal Express or a similar overnight carrier, for overnight delivery. (C.C.P. Section 1013(a); 2015.5)

_X_    (BY U.S. MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be addressed to recipients as indicated above and placed in the United States Mail at San Diego, California.  I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business (C.C.P. Section 1013(a); 2015.5):

_X_    (BY ELECTRONIC FILING, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States Distriuct Court for the Southern District of California as to the following parties;

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed on July 31, 2019 at San Diego, California.

                                        ____s/Karen G. McKinley_____
                                        Karen G. McKinley

PROOF OF SERVICE                    Case#: 19CV1731 AJB LL

# EXHIBIT 2

Steven A. McKinley, Esq. (Bar No. 89656)
Ian W. McKinley, Esq. (Bar No. 303218)
FREELAND MCKINLEY & MCKINLEY
402 West Broadway, Suite 1815,
San Diego, CA. 92101
Phone: 619.297.3170
Fax:    619.255.2833
Email: sam@akfm.com; iwmckinley@akfm.com


Attorneys for Defendants
NEW WEST DEVELOPMENT COMPANY;
GREGORY M. BROWN, SR., GREGORY BROWN, JR.,
ROBERT J. HOLLAND, OAK TREE ESCROW, BOBBIE
PEARSON

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINS, | Case No.: 3:18-cv-1731-AJB-LL |
| Plaintiff, | *Assigned to for all purposes:* Honorable Anthony Battaglia |
| vs. | |
| NORTHWEST DEVELOPMENT COMPANY, a California corporation also doing business as NEW WEST INVESTMENT GROUP, INC., California Corporation; GREGORY M. BROWN, SR., individual; GREGORY BROWN, JR., individual; ROBERT J. HOLLAND, individual; NEW WEST FINANCIAL CO., California corporation, Inc., JACKIE JOSEPHSON, individual; JAY KNOHL, individual; CAL-WESTERN RECONVEYANCE CORP., California corporation; CHICAGO TITLE CO., California corporation; OAK TREE ESCROW, California corporation; BOBBIE PEARSON, individual; KOERNER-MAGEE CONSULTING ENGINEERS, California corporation; ANTHONY CARNEVALE, individual; MELANIE KUSH, individual; SCOTT JOHNSON, individual; KEITH TILL, individual; GARY HALBERT, individual; PEDRO | **PROOF OF SERVICE**  **Judge: Hon. Anthony Battaglia Action Filed: 07/27/2018 First Amended Complaint: 04/15/2019**  Hearing Date : October 3, 2019 Time:    2:00 p.m. Dept:    4A Trial Date:    None Set |

Case 5:23-cv-00805-SSS-kk    Document 1    Filed 05/05/23    Page 38 of 57    Page ID
Case 3:18-cv-01731-AJB-AHG    Document 22-38    Filed 07/31/19    PageID.293    Page 2 of 3
#:38

1    ORSO-DELGADO, individual; STEVEN
     CRESSWELL, individual; JEFF
     TAMARES, INDIVIDUAL; and DOES 1
2    THROUGH 10, inclusive,

3

4                    Defendants.

5

6          I, the undersigned, hereby declare that I am employed with the law firm of Freeland McKinley

7    & McKinley in the County of San Diego, State of California.   I am over the age of 18 and not a party

8    to the within action.  My business address is 402 West Broadway, Suite 1815, San Diego, CA.  92101,

9    telephone number: 619.297.3170; facsimile: 619.255.2833.

10         On July 31, 2019, I caused to be served the document(s) described below as:

11
     **NEW WEST INVESTMENT GROUP; GREGORY M. BROWN, SR.,**
12   **GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S NOTICE OF**
     **MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
13
     **DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M.**
14   **BROWN, SR., GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S**
     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
15   **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

16
     **DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M.**
17   **BROWN, SR., GREGORY BROWN, JR. AND ROBERT J. HOLLAND'S**
     **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL**
18   **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

19
     **DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
20   **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**
     **COMPLAINT**
21
     **DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
22   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
     **SPECIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**
23
     **DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S**
24   **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL**
     **MOTION TO DISMISS FIRST AMENDED COMPLAINT**

25

26

27

28                          PROOF OF SERVICE              Case#: 19CV1731 AJB LL

Case 5:23-cv-00805-SSS-kk   Document 1   Filed 05/05/23   Page 39 of 57   Page ID
Case 3:18-cv-01731-AJB-AHG   Document 22-39   Filed 07/31/19   PageID.294   Page 3 of 3
#:39

Copy of said document(s) was served on each recipient as follows:

| | |
|---|---|
| Brian Martins<br>4776 El Cajon Blvd., Unit 106,<br>San Diego, CA.  92115<br>Tel: (619)753-5637<br><br>Email: brianmart68@yahoo.com<br><br>*In pro per* | Joseph LaCosta, Esq.<br>State Bar #108443<br>7860 Mission Center Court<br>Suite 201<br>San Diego, CA.  92108<br><br>Tel: 619.922.5287<br>Email: joelacosta@hotmail.com<br>*Attorneys for Jackie Josephson and Joy Knohl* |

_____ (BY OVERNIGHT MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be placed with a courier or in a receptacle for Federal Express or a similar overnight carrier, for overnight delivery. (C.C.P. Section 1013(a); 2015.5)

_X_ (BY U.S. MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be addressed to recipients as indicated above and placed in the United States Mail at San Diego, California.  I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business (C.C.P. Section 1013(a); 2015.5):

_X_ (BY ELECTRONIC FILING, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States Distriuct Court for the Southern District of California as to the following parties;

I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.

Executed on July 31, 2019 at San Diego, California.

_____s/Karen G. McKinley_____
Karen G. McKinley

---

PROOF OF SERVICE                    Case#: 19CV1731 AJB LL

# EXHIBIT 3

| | |
|---|---|
| 1 | Daley & Heft, LLP<br>Attorneys at Law |
| 2 | Lee H. Roistacher, Esq. (SBN 179619)<br>Krystle D. Berkstresser, Esq. (SBN 281526) |
| 3 | 462 Stevens Avenue, Suite 201<br>Solana Beach, CA 92075 |
| 4 | Telephone: (858) 755-5666<br>Facsimile: (858) 755-7870 |
| 5 | E-mail: lroistacher@daleyheft.com<br>kberkstresser@daleyheft.com |
| 6 | |
| 7 | Attorneys for Defendants<br>Gary Halbert, Pedro Orso-Delgado and Jeff<br>Tamares |
| 8 | **UNITED STATES DISTRICT COURT** |
| 9 | **SOUTHERN DISTRICT OF CALIFORNIA** |
| 10 | |

| | | |
|---|---|---|
| 11 | BRIAN MARTINS, | Case No.: 3:18-CV-1731-AJB-JMA |
| 12 | Plaintiff, | **CERTIFICATE OF SERVICE** |
| 13 | v. | Judge: Anthony J. Battaglia |
| 14 | NORTHWEST DEVELOPMENT | Complaint Filed: July 28, 2018 |
| 15 | COMPANY, California corporation<br>also doing business as NEW WEST | Trial Date: None set |
| 16 | INVESTMENT GROUP, Inc.,<br>California corporation; GREGORY | |
| 17 | M. BROWN, SR., individual;<br>GREGORY BROWN, JR., | |
| 18 | individual; ROBERT J. HOLLAND,<br>individual; NEW WEST | |
| 19 | FINANCIAL CO., California<br>corporation Inc.; JACKIE | |
| 20 | JOSEPHSON, individual; JAY<br>KNOHL, individual; CAL- | |
| 21 | WESTERN RECONVEYANCE<br>CORP., California corporation; | |
| 22 | CHICAGO TITLE CO., California<br>corporation; OAK TREE ESCROW, | |
| 23 | California corporation; BOBBI<br>PEARSON, individual; KOERNER- | |
| 24 | MAGEE CONSUL TING<br>ENGINEERS, California | |
| 25 | corporation; ANTHONY<br>CARNEVALE, individual; | |
| 26 | MELANIE KUSH, individual;<br>SCOTT JOHNSON, individual; | |
| 27 | KEITH TILL, individual; GARY<br>HALBERT, individual; PEDRO | |
| 28 | ORSO-DELGADO, individual;<br>STEVEN CRESSWELL. individual; | |

1

1   JEFF TAMARES, individual; and
    DOES 1 through 10, inclusive,,
2
           Defendants.
3

4          I, Cherie Parker, declare:

5          1.     That I am and was at the time of service of the papers herein referred

6   to, over the age of 18 years, and not a party to the action; and I am employed in

7   the County of San Diego, California, in which county the within-mentioned

8   mailing occurred.  My business address is 462 Stevens Avenue, Suite 201, Solana

9   Beach, California 92075 and my electronic address is cparker@daleyheft.com.

10         On August 1, 2019, I served the following documents described as:

11  **(1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
    FIRST AMENDED COMPLAINT BY DEFENDANTS GARY HALBERT,**
12  **PEDRO ORSO-DELGADO AND JEFF TAMARES; (2) MEMORANDUM
    OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**
13  **DISMISS BY DEFENDANTS GARY HALBERT, PEDRO ORSO-
    DELGADO AND JEFF TAMARES; AND (3) REQUEST FOR JUDICIAL**
14  **NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST
    AMENDED COMPLAINT BY DEFENDANTS GARY HALBERT, PEDRO**
15  **ORSO-DELGADO AND JEFF TAMARES**

16  on all interested parties in this action addressed as follows:

17              Brian Martins (In Pro Per)
                4776 El Cajon Blvd., Unit 106
18              San Diego, CA 92115
                Telephone: (619) 753-5637
19              E-mail: brianmart68@yahoo.com

20   __X__     BY ELECTRONIC SERVICE:  On the date stated above, I served the
               documents via CM/ECF described above on designated recipients
21             through electronic transmission of said documents; a certified receipt
               is issued to filing party acknowledging receipt by CM/ECF's system.
22             Once CM/ECF has served all designated recipients, proof of electronic
               service is returned to the filing party.
23

24             BY FACSIMILE:  By use of a facsimile machine, telephone number
               (858) 755-7870, at approximately _____ a.m./p.m. on _____, I
25             served a copy of the documents described above on all designated
               recipients.  The facsimile machine I used complied with California
26             Rules of Court, Rule 2033(3)  and no error was reported by the
               machine.
27

28

                                   2

                                        Case No. 3:18-CV-1731-AJB-JMA

BY E-MAIL:   On the date stated above, I caused to be served the document via Email described above on designated recipients.

BY MAIL:   By placing an envelope for collection and mailing following our ordinary business practices. I am readily familiar with the office's practice of collecting and processing of documents for mailing. Under that practice it would be deposited with the United States Postal Service on the same day in a sealed envelope with first-class postage prepaid at Solana Beach, California in the ordinary course of a business day.

BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 1st day of August, 2019.

Cherie Parker, declarant

Case No. 3:18-CV-1731-AJB-JMA

# EXHIBIT 4

```
MIME-Version:1.0
From:efile_information@casd.uscourts.gov
To:efile_information@casd.uscourts.gov
Bcc:
--Case Participants: Joseph La Costa (federalcourtnotices@ceres13.com.
joelacosta@hotmail.com, joelacostaesq@gmail.com, joelacostaesq@yahoo.com), Karen G
McKinley (kgmckinley@akfm.com), Lee H Roistacher (lroistacher@daleyheft.com,
mkilcrease@daleyheft.com), Judge Anthony J. Battaglia
(efile_battaglia@casd.uscourts.gov, elizabeth_atkins@casd.uscourts.gov,
yoli_madueno@casd.uscourts.gov), Magistrate Judge Linda Lopez
(efile_lopez@casd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<13440367@casd.uscourts.gov>
Subject:Activity in Case 3:18-cv-01731-AJB-LL Martins v. New West Investment Group et al
Motion to Dismiss
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### Southern District of California

#### Notice of Electronic Filing

The following transaction was entered by Roistacher, Lee on 8/1/2019 at 12:07 PM PDT and filed on 8/1/2019

| | |
|---|---|
| **Case Name:** | Martins v. New West Investment Group et al |
| **Case Number:** | 3:18-cv-01731-AJB-LL |
| **Filer:** | Gary Halbert |
| | Pedro Orso-Delgado |
| | Jeff Tamares |

**Document Number:** 24

**Docket Text:**
**MOTION to Dismiss by Gary Halbert, Pedro Orso-Delgado, Jeff Tamares. (Attachments: # (1) Memo of Points and Authorities, # (2) Request for Judicial Notice, # (3) Proof of Service)(Roistacher, Lee)Attorney Lee H Roistacher added to party Gary Halbert(pty:dft), Attorney Lee H Roistacher added to party Pedro Orso-Delgado(pty:dft), Attorney Lee H Roistacher added to party Jeff Tamares(pty:dft)**

**3:18-cv-01731-AJB-LL Notice has been electronically mailed to:**

Joseph La Costa    joelacosta@hotmail.com, federalcourtnotices@ceres13.com,
joelacostaesq@gmail.com, joelacostaesq@yahoo.com

Karen G McKinley    kgmckinley@akfm.com

Lee H Roistacher    LRoistacher@DaleyHeft.com, mkilcrease@DaleyHeft.com

**3:18-cv-01731-AJB-LL Notice has been delivered by other means to:**

Brian Martins
4776 El Cajon Blvd.
#106
San Diego, CA 92115

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=8/1/2019] [FileNumber=13440365-0
] [5c4be79f5cbe07285b3391ba8bc83f722b67f9dff9ddba234ddba3d15788590c604
9cd4307b71f9c67c4757429bec6c439bddda494149fec1f51258b23b6f352]]
**Document description:**Memo of Points and Authorities
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=8/1/2019] [FileNumber=13440365-1
] [07145627cc6ca10e4b16a8de861abf0d9718bda18ff7b544d11811e11c43eba81dd
fc09e2857d5ee56b48979a1e2b5745f0b978cb1d4df8bf27d22fda5319215]]
**Document description:**Request for Judicial Notice
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=8/1/2019] [FileNumber=13440365-2
] [beee3fdda4bc7fc959156e7da666f3862222ebede708489254939762b474a6abfa4
0940e655c3140265d0f7917cc06d751c999b5e1652fa1766406c17f2353f1]]
**Document description:**Proof of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=8/1/2019] [FileNumber=13440365-3
] [c9c9ccd108a345e5de8843549f6352aedad5f3d7d2ce528669c324914aaf77e9bc6
54e3b3fb195ce1ddb18a57ae531cbd806fe03db99f58c2fb7c536f6664afb]]

EXHIBIT 5

CM/ECF - casd

| 05/18/2020 | 116 | ORDER Setting Briefing Schedule re 108 MOTION to Alter Judgment MOTION to Amend/Correct : Responses due by 6/1/2020; Replies due by 6/8/2020; sur-replies will not be accepted..(All non-registered users served via U.S. Mail Service)(no document attached) (sc) (Entered: 05/18/2020) |
| --- | --- | --- |
| 05/18/2020 | 117 | NOTICE of Continued Hearing on Motion 103 MOTION to Clarify : Motion Hearing continued to 7/2/2020 at 2:00 PM in Courtroom 4A before Judge Anthony J. Battaglia. (All non-registered users served via U.S. Mail Service)(no document attached) (sc) (Entered: 05/18/2020) |
| 05/18/2020 | | (Court only) ***Deadlines/Hearings terminated. (no document attached) (sc) (Entered: 05/18/2020) |
| 05/19/2020 | 118 | REPLY to Response to 110 Plaintiff's Ex Parte Motion for Extension of Time to File Notice of Appeal filed by Brian Martins. Nunc Pro Tunc 5/12/2020. (jrm) . (Entered: 05/19/2020) |
| 05/19/2020 | 119 | Amended CERTIFICATE OF SERVICE by Brian Martins re 118 Reply to Response to Motion (jrm) (Entered: 05/19/2020) |
| 06/01/2020 | 120 | RESPONSE in Opposition re 108 MOTION to Alter Judgment MOTION to Amend/Correct filed by Chicago Title Co. (Kanesaka, Sheri) (jrm). (Entered: 06/01/2020) |
| 06/01/2020 | 121 | RESPONSE in Opposition re 108 MOTION to Alter Judgment MOTION to Amend/Correct filed by Gregory M. Brown, Sr. (Attachments: # 1 Proof of Service Proof of Service)(McKinley, Karen) (jrm). (Entered: 06/01/2020) |
| 06/10/2020 | 122 | NOTICE OF WITHDRAWAL OF Plaintiff's Notice of Motion and Motion to Alter or Amend Judgment Order Under FRCP 59(e) or in the Alternative Under FRCP 60(b) by Plaintiff, Memorandum of Points and Authorities in Support Thereof by Brian Martins (All non-registered users served via U.S. Mail Service)(jrm) (Entered: 06/11/2020) |
| 06/18/2020 | 123 | NOTICE of Continued Hearing on Motion 103 MOTION to Clarify : Motion Hearing is continued from 7/2/2020 to 7/9/2020 at 9:00 AM in Courtroom 4A before Judge Anthony J. Battaglia. (All non-registered users served via U.S. Mail Service)(no document attached) (sc) (Entered: 06/18/2020) |
| 07/02/2020 | 124 | ORDER BY JUDGE BATTAGLIA. Motions Submitted 103 MOTION to Clarify. The Court finds this motion suitable for determination on the papers and without need for oral argument pursuant to CivLR 7.1.d.1. Accordingly, no appearances are required and this motion is deemed submitted as of this date. (All non-registered users served via U.S. Mail Service)(no document attached) (sc) (Entered: 07/02/2020) |
| 01/08/2021 | 125 | Order: (1) Granting Motion for Clarification by Defendants Steven Creswell, Scott Johnson, Melanie Kush, Pedro Orso- Delgado, Jeff Tamares, Gary Halbert and Keith Till (Doc. No. 103 ) and (2) Granting in Part Plaintiffs Motion for Extension of Time to File Appeal (Doc. No. 110 ). Signed by Judge Anthony J. Battaglia on 1/8/2021. (All non-registered users served via U.S. Mail Service)(jrm) (Entered: 01/08/2021) |

CM/ECF - casd

| | | |
|---|---|---|
| | | Stricken Motion [Doc. 131]; Amended Declaration of Brian Martins, from Plaintiff Brian Martins. In light of the amended ex parte motion for reconsideration, the Court DENIES AS MOOT the prior ex parte motion for reconsideration (Doc. No. 142). No further leave to amend will be granted. Non-compliance with local rule(s), OTHER: Battaglia Civil Case Rules: Plaintiff did not contact the law clerk prior to filing the amended motion for reconsideration. Nunc Pro Tunc 5/11/2021. Signed by Judge Anthony J. Battaglia on 5/13/2021.(All non-registered users served via U.S. Mail Service)(jrm) (Entered: 05/13/2021) |
| 05/13/2021 | 144 | Amended Ex Parte MOTION for Reconsideration by Brian Martins. (jrm) (Entered: 05/13/2021) |
| 05/13/2021 | | (Court only) ***Motions and Judge Association terminated, Amended Motion Filed : 142 MOTION for Reconsideration filed by Brian Martins. (no document attached) (jrm) (Entered: 05/13/2021) |
| 05/27/2021 | 145 | SCHEDULING ORDER Regulating Discovery and Other Pre-Trial Proceedings. Mandatory Settlement Conference set for 4/20/2022 09:30 AM before Magistrate Judge Allison H. Goddard. Proposed Pretrial Order due by 6/16/2022. Final Pretrial Conference set for 6/23/2022 01:30 PM before Judge Anthony J. Battaglia. Signed by Magistrate Judge Allison H. Goddard on 5/27/2021. (jrm) (Entered: 05/27/2021) |
| 06/04/2021 | 146 | ORDER denying 144 Plaintiff's Amended Ex Parte Application for Reconsideration of Stricken Motion. Signed by Judge Anthony J. Battaglia on 6/3/2021. (All non-registered users served via U.S. Mail Service)(jmr) (Entered: 06/04/2021) |
| 03/29/2022 | 147 | Order: (1) Resetting Mandatory Settlement Conference, and (2) Modifying Mandatory Settlement Conference to be via Videoconference and Issuing Updated Procedures. Mandatory Settlement Conference reset for 4/25/2022 02:30 PM before Magistrate Judge Allison H. Goddard via videoconference. Signed by Magistrate Judge Allison H. Goddard on 3/29/2022.(All non-registered users served via U.S. Mail Service)(jrm) (Entered: 03/29/2022) |
| 04/25/2022 | 148 | Minute Entry for proceedings held before Magistrate Judge Allison H. Goddard: Mandatory Settlement Conference held on 4/25/2022. The case did not settle. (Plaintiff: Brian Martins, proceeding *pro se*). (Attorney representing Defendants Jackie Josephson and Jay Knohl: Joseph La Costa). (All non-registered users served via email)(no document attached) (hmw) (Entered: 04/25/2022) |
| 05/23/2022 | 149 | ***Document Stricken per Order 151 *** NOTICE *of Substitution of Attorney* by Jackie Josephson (McKinley, Ian)Attorney Ian William McKinley added to party Jackie Josephson(pty:dft) Modified to strike on 5/24/2022(jrm). (Additional attachment(s) added on 5/24/2022: # 1 Stricken Doc Form) (jrm). (Entered: 05/23/2022) |
| 05/23/2022 | 150 | ***Document stricken per Order 151 *** NOTICE *of Substitution of Attorney* by Jay Knohl (McKinley, Ian)Attorney Ian William McKinley added to party Jay Knohl(pty:dft) (jrm). Modified to strike on 5/24/2022 (jrm). (Additional attachment(s) added on 5/24/2022: # 1 Stricken Doc Form) (jrm). (Entered: 05/23/2022) |
| 05/24/2022 | | (Court only) ***Discrepancy Order submitted to the Chambers of the assigned District Judge. Re: NOTICE of Substitution of Attorney by Jay Knohl, received on 5/23/2022. (no document attached) (jrm) (Entered: 05/24/2022) |

# EXHIBIT 6

**Comparison of Documents Filed of Record (ECF Nos. 19 & 22) to
Document Described in POS (ECF Nos. 19-4 & 22-4)**
(By FMM Defendants Date 7-31-2019)

**Filed of Record**
DEFENDANT NEW WEST INVESTMENT GROUP, INC., GREGORY M. BROWN, SR., GREGORY BROWN, JR.
AND ROBERT J. HOLLAND'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Described in POS**
NEW WEST INVESTMENT GROUP; GREGORY M. BROWN, SR., GREGORY BROWN, JR. AND ROBERT J.
HOLLAND'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Filed of Record**
DEFENDANTS NEW WEST INVESTMENT GROUP, INC., GREGORY M. BROWN, SR., GREGORY M. BROWN, JR.,
AND ROBERT HOLLAND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT OF BRIAN MARTINS UNDER FRCP 12(B)(1), (B)(6), AND (B)(7)

**Described in POS**
DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M. BROWN, SR., GREGORY BROWN, JR. AND
ROBERT J. HOLLAND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT

**Filed of Record**
DEFENDANT NEW WEST INVESTMENT GROUP, GREGORY BROWN, SR., GREGORY BROWN, JR., ROBERT J.
HOLLAND'S  REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

**Described in POS**
DEFENDANT NEW WEST INVESTMENT GROUP; GREGORY M. BROWN, SR., GREGORY BROWN, JR. AND
ROBERT J. HOLLAND'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**Filed of Record**
DEFENDANT OAKTREE ESCROW AND BOBBIE PEARSON'S NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**Described in POS**
DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**Filed of Record**
DEFENDANTS BOBBI PEARSON AND OAK TREE ESCROW'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OF BRIAN MARTINS UNDER FRCP
12(b)(1), (b)(6), AND (b)(7)

**Described in POS**
DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF SPECIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Filed of Record**
DEFENDANT OAKTREE ESCROW AND BOBBIE PEARSON'S NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**Described in POS**
DEFENDANT OAK TREE ESCROW AND BOBBIE PEARSON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF SPECIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

# EXHIBIT 7



Brian Martins
2710 Alpine Blvd. # 125
Alpine, CA 91901

McKinley LLP
501 West Broadway, Suite 1340
San Diego, CA 92101

EXHIBIT 8

DOC # 2008-0207586



**RECORDING REQUESTED BY:**

City of Santee, California

**AFTER RECORDING MAIL TO:**

City Clerk
City of Santee
10601 Magnolia Avenue
Santee, CA 92071-1266

APR 18, 2008     12:58 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:          5.00

**PAGES:**          2

NO TRANSFER TAX DUE

ABOVE SPACE FOR RECORDER'S USE

# NOTICE OF VIOLATION

# CERTIFICATE OF NON-COMPLIANCE

(Section 66499.35 of the Government Code)

ASSESSOR'S PARCEL NO's 381-750-01 through 10.          PROJECT NO.TM 2000-01

EL NOPAL ESTATES II – Unit 2

The Director of Development Services of the City of Santee has determined that ENE Homes, LLC the Subdivider of the real property more particularly described below, is in default of the Subdivision Improvement Agreement dated July 22, 2005 by and between the City of Santee and ENE Homes, LLC pursuant to Section 11, Paragraph (c).

Parties of interest are hereby placed on notice that **no permits** will be issued for development of the property until such time as the default has been cured. The City reserves to itself all remedies available to it at law or in equity for beach of Subdivider's obligations including but not limited to reversion of the recorded map to acreage.

A copy of the Subdivision Improvement Agreement is on file in the Office of the City Engineer of the City of Santee. Interested parties should contact the City Engineer if additional information is required.

**LEGAL DESCRIPTION:**

All that real property located in the City of Santee, County of San Diego, State of California more particularly described as follows:

Lots 6 through 14 of Map 15347 recorded in the Office of the County Recorder as File No. 2006-0359937 on May 22, 2006.

Signed: _____

Gary Halbert, Deputy City Manager/Director of Development Services

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO ) ss.
CITY OF SANTEE       )

On _____ , before me, Linda A. Troyan, MMC, City Clerk, personally appeared Gary Halbert, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and he acknowledged to me that he executed the same in his authorized capacity as Deputy City Manager/Director of Development Services, and that by his signature on the instrument the person, or entity upon which behalf of which the person acted, executed the instrument on behalf of the City of Santee.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Linda A. Troyan, MMC
City Clerk

Form 564 – Notice of Subdivider Default  Rev.04/17/08